UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
                                                                    :
MCHA HOLDINGS, LLC,                                                 :
                                                                    :        14 Civ. 10064 (TPG)
                        Plaintiff,                                  :
                                                                    :
            v.                                                      :        **ANSWER TO**
                                                                    :        **COMPLAINT**
THE REPUBLIC OF ARGENTINA,                                          :
                                                                    :
                        Defendant.                                  :
                                                                    :
                                                                    :
------------------------------------------------------------------- X

        Defendant the Republic of Argentina (the "Republic"), as and for its answer to the

Complaint dated December 22, 2014 (the "Complaint"), respectfully states as follows:

        1.      To the extent that Paragraph 1 of the Complaint purports to characterize

the nature of this action, no responsive pleading is required.  The Republic lacks knowledge or

information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the

Complaint.  Paragraph 1 of the Complaint purports to characterize the contents of a written

document, which document speaks for itself.  The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in

Paragraph 1 of the Complaint for its true and correct contents.

        2.      To the extent that Paragraph 2 of the Complaint purports to characterize

the nature of this action, no responsive pleading is required.  Paragraph 2 of the Complaint

purports to characterize the contents of written documents.  The Republic denies such

characterizations inconsistent with the contents of the referenced documents and refers to the

documents cited in Paragraph 2 of the Complaint for their true and correct contents.  To the

extent Paragraph 2 of the Complaint constitutes conclusions of law, no responsive pleadings are

required.  The Republic avers that in 2005 and 2010 it launched and consummated voluntary exchange offers and otherwise denies the allegations contained in Paragraph 2.

3.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

5.      Paragraph 5 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

6.      Paragraph 6 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.

8.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, except admits that it issued bonds having ISIN US040114AR16.

9.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, except admits that it issued bonds having ISIN US040114AV28.

10.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, except admits that it issued bonds having ISIN US040114GA27.

11.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, except admits that it issued bonds having ISIN US040114GD65.

12.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, except admits that it issued bonds having ISIN US040114GH79.

13.     Paragraph 13 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 13 for its true and correct contents.

14.     Paragraph 14 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 14 for its true and correct contents.

15.     Paragraph 15 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 15 for its true and correct contents.

16.     The Republic denies the allegations contained in Paragraph 16 of the Complaint, except admits that since December 2001 it has not paid principal or interest on nonperforming debt.  Paragraph 16 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the

document cited in Paragraph 16 for its true and correct contents.  To the extent that Paragraph 16 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

17.     The Republic admits that since December 2001 it has not paid principal or interest on nonperforming debt.

18.     Paragraph 18 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 18 for its true and correct contents.  To the extent that Paragraph 18 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

19.     Paragraph 19 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 19 of the Complaint.

20.     The Republic admits that in 2005 it launched and consummated a voluntary exchange offer to holders of eligible debt.

21.     Paragraph 21 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 21 for its true and correct contents.

22.     The Republic admits that approximately 76% of eligible debt participated in its 2005 Bond Exchange.

23.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint.

24.     The Republic admits that bondholders who tendered into the 2005 Bond Exchange received bonds scheduled to pay semi-annual interest.

25.     The Republic admits that it has made interest payments due on bonds issued pursuant to the 2005 Bond Exchange.

26.     The Republic admits that it has made interest payments due on the 2005 Exchange Bonds.

27.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint.

28.     Paragraph 28 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 28 for its true and correct contents.

29.     Paragraph 29 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 29 for its true and correct contents.

30.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 31 for its true and correct contents.

32.     Paragraph 32 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint purports to characterize the contents of legal proceedings, which speak for themselves.  The Republic denies such characterizations inconsistent with the referenced legal proceedings and refers to the legal proceedings cited in Paragraph 33 of the Complaint for their true and correct contents.  To the extent that Paragraph 33 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

34.     Paragraph 34 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 34 for its true and correct contents.  To the extent that Paragraph 34 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

35.     Paragraph 35 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 35 for its true and correct contents.

36.     Paragraph 36 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 36 for its true and correct contents.

37.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint.

38.     Paragraph 38 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 38 of the Complaint.

39.     The Republic admits that bondholders who tendered into the 2010 Bond Exchange received bonds scheduled to pay semi-annual interest.

40.     The Republic admits that it has made interest payments due on bonds issued pursuant to the 2010 Bond Exchange.

41.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint purports to characterize the contents of legal proceedings, which speak for themselves.  The Republic denies such characterizations inconsistent with the referenced legal proceedings and refers to the legal proceedings cited in Paragraph 43 for their true and correct contents.

44.     Paragraph 44 of the Complaint purports to characterize the contents of legal proceedings and written documents, which legal proceedings and documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced legal proceedings and documents and refers to the legal proceedings and documents cited in Paragraph 44 for their true and correct contents.  To the extent that Paragraph 44 of the Complaint constitutes conclusions of law, no responsive pleadings are required.

45.     Paragraph 45 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 45 for its true and correct contents.  To the extent that Paragraph 45 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

46.     Paragraph 46 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 46 for its true and correct contents.  To the extent that Paragraph 46 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

47.     The Republic admits that the U.S. Supreme Court denied the Republic's petition for certiorari in the referenced action on October 7, 2013.

48.     Paragraph 48 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 48 for its true and correct contents.  To the extent that Paragraph 48 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

49.     Paragraph 49 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 49 for its true and correct contents.  To the extent that Paragraph 49 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

50.     The Republic admits that the U.S. Supreme Court denied the Republic's petition for certiorari in the referenced action on June 16, 2014.

51.     Paragraph 51 of the Complaint purports to characterize the contents of statements.  The Republic denies such characterizations inconsistent with the contents of the referenced statements and refers to the statements cited in Paragraph 51 for their true and correct contents.

52.     Paragraph 52 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 52 of the Complaint.  To the extent that Paragraph 52 of the Complaint purports to characterize the nature of this action, no responsive pleading is required.

53.     In response to Paragraph 53 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 52 of the Complaint.

54.     Paragraph 54 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 54 for its true and correct contents.  The Republic otherwise admits that it issued bonds having ISIN US040114AR16.

55.     Paragraph 55 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 55 for its true and correct contents. To the extent that Paragraph 55 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 55 of the Complaint.

56.     Paragraph 56 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 56 for its true and correct contents.  The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint.  To the extent that Paragraph 56 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

57.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint, except admits that since December 2001 it has not paid principal or interest on nonperforming debt.  To the extent that Paragraph 57 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

58.     Paragraph 58 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 58 of the Complaint.

59.     In response to Paragraph 59 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 58 of the Complaint.

60.     Paragraph 60 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 60 for its true and correct contents.  The Republic otherwise admits that it issued bonds having ISIN US040114AV28.

61.     Paragraph 61 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 61 for its true and correct contents. To the extent that Paragraph 61 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 62 for its true and correct contents.  The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint.  To the extent that Paragraph 62 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

63.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint, except admits that since December 2001 it has not paid principal or interest on nonperforming debt.  To the extent that Paragraph 63 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

64.     Paragraph 64 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 64 of the Complaint.

65.     In response to Paragraph 65 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 64 of the Complaint.

66.     Paragraph 66 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 66 for its true and correct contents.  The Republic otherwise admits that it issued bonds having ISIN US040114GA27.

67.     Paragraph 67 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 67 for its true and correct contents. To the extent that Paragraph 67 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 68 for its true and correct contents.  The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Complaint.  To the extent that Paragraph 68 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

69.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Complaint, except admits that since December 2001 it has not paid principal or interest on nonperforming debt.  To the extent that Paragraph 69 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

70.     Paragraph 70 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 70 of the Complaint.

71.     In response to Paragraph 71 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 70 of the Complaint.

72.     Paragraph 72 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 72 for its true and correct contents.  The Republic otherwise admits that it issued bonds having ISIN US040114GD65.

73.     Paragraph 73 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 73 for its true and correct contents. To the extent that Paragraph 73 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 74 for its true and correct contents.  The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the Complaint.  To the extent that Paragraph 74 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

75.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the Complaint, except admits that since December 2001 it has not paid principal or interest on nonperforming debt.  To the extent that Paragraph 75 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

76.     Paragraph 76 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 76 of the Complaint.

77.     In response to Paragraph 77 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 76 of the Complaint.

78.     Paragraph 78 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 78 for its true and correct contents.  The Republic otherwise admits that it issued bonds having ISIN US040114GG96.

79.     Paragraph 79 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 79 for its true and correct contents. To the extent that Paragraph 79 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations

14

inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 80 for its true and correct contents.  The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 of the Complaint.  To the extent that Paragraph 80 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

81.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 of the Complaint, except admits that since December 2001 it has not paid principal or interest on nonperforming debt.  To the extent that Paragraph 81 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

82.     Paragraph 82 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 82 of the Complaint.

83.     In response to Paragraph 83 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 82 of the Complaint.

84.     Paragraph 84 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 84 for its true and correct contents.  The Republic otherwise admits that it issued bonds having ISIN US040114GH79.

85.     Paragraph 85 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in

Paragraph 85 for its true and correct contents. To the extent that Paragraph 85 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 85 of the Complaint.

86.     Paragraph 86 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 86 for its true and correct contents.  The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 of the Complaint.  To the extent that Paragraph 86 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

87.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 of the Complaint, except admits that since December 2001 it has not paid principal or interest on nonperforming debt.  To the extent that Paragraph 87 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

88.     Paragraph 88 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 88 of the Complaint.

89.     In response to Paragraph 89 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 88 of the Complaint.

90.     Paragraph 90 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 90 for its true and correct contents.

91.     Paragraph 91 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 91 of the Complaint.

92.     Paragraph 92 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 92 of the Complaint.

93.     Paragraph 93 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 93 for their true and correct contents. To the extent that Paragraph 93 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 93 of the Complaint.

94.     Paragraph 94 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 94 for their true and correct contents. To the extent that Paragraph 94 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 94 of the Complaint.

95.     Paragraph 95 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 95 of the Complaint.

96.     Paragraph 96 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 96 of the Complaint.

97.      Paragraph 97 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 97 of the Complaint.

98.     Paragraph 98 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 98 of the Complaint.

99.     Paragraph 99 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 99 of the Complaint.

100.     Paragraph 100 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 100 of the Complaint.

101.     Paragraph 101 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 101 of the Complaint.

102.     Paragraph 102 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 102 of the Complaint for its true and correct contents.  To the extent that Paragraph 102 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

103.    Paragraph 103 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 103 of the Complaint.

104.    Paragraph 104 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 104 of the Complaint.

105.    The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 of the Complaint.  Paragraph 105 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

106.    Paragraph 106 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 106 of the Complaint.

107.     Paragraph 107 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 107 of the Complaint.

108.    Paragraph 108 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 108 of the Complaint.

**First Affirmative Defense**

109.    The Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**[1]

110.    Plaintiff's claims are barred by the act of state doctrine.

**Third Affirmative Defense**

111.    To the extent plaintiff is not acting in good faith in commencing and prosecuting this action, it is barred from enforcing any rights it may otherwise have.

**Fourth Affirmative Defense**

112.    Plaintiff's claims are barred by the doctrine of unclean hands.

**Fifth Affirmative Defense**

113.    Plaintiff's claims are barred by the doctrine of abuse of rights.

**Sixth Affirmative Defense**

114.    Plaintiff's claims are barred by N.Y. Judiciary Law Section 489.

**Seventh Affirmative Defense**

115.    Plaintiff's claims, including interest claims, are barred in whole or in part by the applicable statute of limitations/prescription period.

**Eighth Affirmative Defense**

116.    Plaintiff lacks standing and/or capacity to sue, because it is not a holder of bonds within the meaning of the governing bond documents.

**Ninth Affirmative Defense**

117.    Plaintiff's claims are barred by the doctrine of laches.

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein.  *See Lightwater Corp. Ltd. v. Republic of Argentina*, No. 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003).  The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review.  In connection with the Sixth Affirmative Defense, facts may exist in the present case that were not before the Court in the cases covered by the *Lightwater* and *EM Ltd. v. Republic of Argentina*, No. 03 Civ. 2507 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003) (Sept. 16, 2003), Orders.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a)     dismissing plaintiff's claims with prejudice;

(b)     awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

(c)     granting the Republic such other and further relief as the Court may deem just and proper.


Dated: New York, New York
        February 23, 2015

                                    CLEARY GOTTLIEB STEEN & HAMILTON LLP


                                    By:      /s/ Carmine D. Boccuzzi
                                        Jonathan I. Blackman (jblackman@cgsh.com)
                                        Carmine D. Boccuzzi (cboccuzzi@cgsh.com)


                                    One Liberty Plaza
                                    New York, New York 10006
                                    (212) 225-2000


                                    Attorneys for the Republic of Argentina